UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY SWAYNE HARRIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CV-2135 |
| ) | |
| DAN WALSH, DR. STEPHEN CULLINAN, ) | |
| and HEALTH PROFESSIONAL LIMITED, ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW & CASE MANAGEMENT ORDER

Plaintiff, Anthony Swayne Harris, Jr., filed his original pro se Complaint (#2) on July 20, 2007. On August 30, 2007, this court held a merit review hearing. At that hearing, this court ordered that the Champaign County jail was stricken as a defendant. Plaintiff was allowed time to file an amended complaint. On November 1, 2007, Plaintiff filed a pro se Amended Complaint (#20) against Defendants Dan Walsh, Dr. Stephen Cullinan and Health Professional Limited.

On November 15, 2007, this court held a merit review hearing by telephone regarding Plaintiff's Amended Complaint. This court is required by 28 U.S.C. § 1915A to identify cognizable claims and dismiss claims that are "(1) . . . frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Similarly, 28 U.S.C. Section 1915(e)(2) requires the court to dismiss a case proceeding in forma pauperis if the action is frivolous, malicious or fails to state a claim.

Prior to the merit review hearing, this court carefully reviewed Plaintiff's Amended Complaint. This court concludes that Plaintiff included a step by step recitation of the facts regarding his incarceration at the Champaign County jail beginning on May 9, 2007. Plaintiff set out detailed allegations regarding the failure of Dan Walsh, Dr. Stephen Cullinan, and Health

Professional Limited, the medical provider for the Champaign County jail, to provide him with prescribed medications and treatments, causing him intense pain and suffering.

A pretrial detainee's claim of inadequate medical care is brought under the due process clause of the Fourteenth Amendment, however, the legal analysis is the same as a claim of deliberate indifference to a serious medical need under the Eighth Amendment. See Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001); Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000). A pretrial detainee must show that "(1) an objectively serious injury or medical need was deprived; and (2) the [jail] official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it." Chapman, 241 F.3d at 845; Chavez, 207 F.3d at 904. An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Chapman, 214 F.3d at 845, quoting Zentmyer v. Kendall County, 220 F.3d 805, 810 (7th Cir. 2000). An objectively serious condition also presents itself if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999), quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective component (deliberate indifference) does not encompass negligence or even gross negligence. Chapman, 241 F.3d at 845, see also Farmer v. Brennan, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001), citing Farmer, 511 U.S. at 837. As far as medical professionals, the standard is comparable; the plaintiff must show "(1) that the professional knew of the serious medical need, and (2) disregarded that need." Chavez,

207 F.3d at 905, quoting Collignon v. Milwaukee County, 163 F.3d 982, 989 (7th Cir. 1998).

Here, Plaintiff has alleged that he was suffering from serious physical illnesses and, although Dr. Stephen Dolan at Carle Hospital had prescribed medication and treatment for these illnesses, Defendants did not give him all of the medications and treatments prescribed, causing him to suffer severe pain and lose almost 50 pounds. Plaintiff has also alleged that Defendants were aware of his need for medical care, but rather than address his needs, they were deliberately indifferent to his serious medical needs. This court therefore concludes that Plaintiff's allegations are sufficient to state a claim under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED THAT:

(1) Pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 16(c)(1), this court finds that Plaintiff has stated a claim under the Fourteenth Amendment. Plaintiff may proceed on his claim that Defendants were deliberately indifferent to his serious medical needs.

(2) Any other claims not specifically set forth in this order shall not be included in the case, except at the court's discretion on motion by a party for good cause shown at the final pretrial conference, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

(3) The necessary deficiency orders are directed to be entered, if any.

(4) After Plaintiff satisfies any deficiencies, a scheduling order shall be entered directing service and setting a Rule 16 conference date.

(5) This court notes that it advised Plaintiff at the merit review hearing that summons and U.S. Marshal forms would be sent to him. However, this court has been advised that this is no longer the practice for effecting service regarding prisoner cases. Instead, the clerk will prepare a notice of lawsuit and waiver of service which will be sent to each Defendant along with a copy of

the Amended Complaint, case management order and scheduling order.

(6) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleading shall be only to the issues and claims stated in this case management order.

ENTERED this __16th__ day of __November__, 2007.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE